# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 1:13-CR-82-TLS |
| | ) | |
| JACOB MILLER | ) | |

## SENTENCING OPINION

The Defendant, Jacob Miller, is awaiting imposition of a sentence for his offense of knowingly selling a firearm to a convicted felon. The Defendant objects to certain aspects of the Presentence Investigation Report and requests a variance from the advisory Guideline range. On June 9, 2015, he appeared before the Court and testified concerning the nature and circumstances of his offense, as well as his personal background and characteristics. Finding that the Defendant's objections do not have merit, the Court overrules them. The Guideline range is properly calculated as 57 to 71 months of imprisonment. However, in consideration of the evidence presented in the PSR, in the Defendant's Sentencing Memorandum [ECF No. 49] and in the Letters attached to the Memorandum [ECF No. 49-1], and through his testimony at the evidentiary hearing, the Court finds that the nature and circumstances of the offense conduct and the Defendant's history and characteristics, justify a variance from the advisory Guidelines range. Specifically, the Court finds that a sentence of twelve months, split between imprisonment and home detention, followed by one year of supervised release, is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant, and to provide the Defendant with needed rehabilitative opportunities.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). A sentencing court must explain any variance from the Guidelines range with reference to the § 3553(a) factors. *Nelson*, 555 U.S. at 351.

**A.     The Guideline Range**

The Guidelines assign 20 points as the base offense level for selling a firearm to a convicted felon when, as here, the firearm is capable of accepting a large capacity magazine.

U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) and (ii)(II). The Defendant argues that a lower base offense level should apply because the confidential informant requested a high capacity magazine for the April 2013 transaction with the Defendant. The Government notes, however, that the firearm the probation officer used to establish the base offense level was an entirely different firearm, sold in a different transaction. According to paragraph 23 of the PSR, in June 2013, the Defendant sold an SKS with a high capacity magazine capable of holding 35 rounds. The facts reported in paragraph 23 bear sufficient indicia of reliability to support their probable accuracy, and the Defendant's objection is overruled.

The other objection lodged by the Defendant is that the probation officer added 4 points to the Defendant's offense level because, pursuant to § 2K21.1(b)(5), the Defendant engaged in the trafficking of firearms. According to Application Note 13(A), a defendant engages in the trafficking of firearms if the defendant "transported, transferred, or otherwise disposed of two or more firearms to another individual" and the defendant "knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual whose possession or receipt of the firearm would be unlawful." Application Note 13(B) defines an individual whose possession or receipt of the firearm would be unlawful as an "individual who has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence . . . or at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, work release, or escape status." The Defendant's argument against the application of this enhancement is that "no firearms were actually transferred to 'an individual whose possession or receipt of the firearm would be unlawful'" because those individuals were, in actuality, "little more than middle men who

3

transferred firearms from the Defendant to the Government agents in the context of a controlled buy." (Def.'s Sentencing Mem. 3–4, ECF No. 49 (quoting Application Note 13(B).) He argues that the prohibited persons never "possessed" the firearms under the Webster's Dictionary definition of that term, which he notes is "the condition of having or owning something." (Def.'s Sentencing Mem. 3–4, ECF No. 49 (quoting http://www.merriam-webster.com/dictionary/possession).)

     The enhancement does not require the kind of possession the Defendant urges. It requires only that the Defendant transport, transfer, or dispose of the firearms to another person (which he did) and that he knew or had reason to know that possession of the firearm by that individual would be unlawful (which he did). There is no dispute that the confidential informant referred to in paragraphs 11–19 of the PSR was a convicted felon. That individual told the Defendant he would have to meet him at his house because he was on house arrest and had an ankle bracelet for a felony robbery conviction. There is also no dispute that the Defendant traded or sold more than three firearms to this individual, and that he sold two of them before the individual became a confidential informant. In fact, the individual gave the two firearms to his brother, not to law enforcement agents. The firearms were recovered in response to a 911 call of shots fired, which led to the arrest of the brother for shooting at another person.

     With respect to the guns sold after the individual became a confidential informant, the Defendant's objection fares no better. The enhancement contains no requirement that the individual continue to possess the firearm, or that the seller even know how long the buyer intended to keep the gun. The individuals the Defendant sold firearms to were not allowed to possess them, even temporarily. *See United States v. Matthews*, 520 F.3d 806, 809 (7th Cir.

2008) (noting that the purpose of the statutory prohibition on felons possessing firearms reasonably extends to "any physical control over a gun" including just holding the gun); *United States v. Lane*, 267 F.3d 715, 718–19 (7th Cir. 2001). The Defendant's objection is overruled.

After an additional enhancement for the number of firearms involved, and reductions for acceptance of responsibility, the total offense level is 25. The Defendant's criminal history score is zero, which puts him in criminal history category I. The resulting range is 57 to 71 months of imprisonment. The Court finds that these calculations are correct and adopts the probation officer's conclusions as to the applicable Guideline range.

**B.     The § 3553(a) Factors**

The Defendant argues that the Court should exercise its discretion under § 3553(a) and sentence him to a term of imprisonment that would allow him to serve a split sentence, as if his range fell into Zone C of the Guideline's Sentencing Table.

The Defendant is 51 years old with no prior criminal history. He is a life long resident of the district, and has an 8th grade education. The Defendant supports himself and his twelve-year-old son by performing carpentry, electrical, and plumbing projects. According to letters written on his behalf, he is skilled, hard working, and conscientious in his work and is otherwise well regarded in the community. The Defendant has sole custody of his son, and, by all accounts, is a devoted, loving, and responsible father.

The Defendant sold firearms to three different convicted felons over the nine month period of ATF's investigation. The Defendant himself is a collector of guns, and he has owned guns all of his life. He would often trade in guns, but it was not the basis of his livelihood. The

problem is that the Defendant was not discerning in who he sold guns to, appearing more concerned with the "right to bear arms." Although he was aware that his buyer could not lawfully purchase a gun from a gun store because of his prior felony (PSR ¶ 18), he appeared to reserve for himself whether another person's felony was sufficiently serious to prohibit gun ownership. He testified that he believed a felony had to involve violence or guns before it would prohibit possession. His testimony was that he "wasn't thinking right I guess."

While the Defendant chose to ignore the possible consequences of his actions, the Court cannot dismiss the fact that a firearm the Defendant willingly transferred to a convicted felon were used in another dangerous crime. However, the circumstances of the offense do not suggest that a significant term of imprisonment is necessary to account for its seriousness, to promote respect for the law, to provide just punishment, or to protect the public from further crimes of the Defendant. It suggests small town simplicity of thought more than it does defiant opposition to the rule of law.

Certainly, having now been arrested, charged, and convicted of the offense, the Defendant is unlikely to repeat it. Upon observing his demeanor, the Court found the Defendant to be genuinely remorseful for his conduct, if not still a bit confused as to how he came to be facing such serious consequences. He believes he has tried to be a good citizen and portrays his life as "turned upside down" over the federal involvement. If the Defendant was confused before, he is no longer. He is aware that he will never again be allowed to possess a firearm because he is a convicted felon. The Defendant's son provides him with great incentive to stay compliant with all aspects of the law. The Defendant has sole custody of his son, and is involved in his daily life. The Defendant's care and concern for his son appears genuine, and has been

6

confirmed by letters written to the Court. The Defendant has performed well on pretrial supervision, which began in November 2014.

In sentencing the Defendant, the Court has been mindful of the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar crimes. This Court has had before it other cases involving an individual's involvement in the purchase of firearms for a prohibited person. A split sentence of twelve months would not be an unwarranted disparity.

## CONCLUSION

For the reasons stated above, the Court OVERRULES the Defendant's objections to the PSR, but GRANTS the Defendant's request for a variance from the advisory Guideline range. The Court anticipates imposing a sentence of twelve months. The specific sentence to be imposed will be determined at the sentencing hearing, after the Defendant has had an additional opportunity to address the Court. Sentencing is confirmed for August 12, 2015, at 11:00 AM.

ENTERED on July 20, 2015.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT